1  THOMAS P. O'BRIEN
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ROBERT I. LESTER
4  Assistant United States Attorney
   California Bar Number: 116429
5       Room 7516, Federal Building
        300 North Los Angeles Street
6       Los Angeles, California  90012
        Telephone:  (213) 894-2464
7       Facsimile:  (213) 894-7819
        E-Mail: Robert.Lester@usdoj.gov
8
   JEFFREY S. BUCHOLTZ
9  Acting Assistant Attorney General
   DAVID J. KLINE
10 Director, District Court Section
   VICTOR M. LAWRENCE
11 Senior Litigation Counsel
        Office of Immigration Litigation
12      Civil Division, U.S. Department of Justice
        P.O. Box 878, Ben Franklin Station
13      Washington, D.C.  20044
        Telephone:  (202) 305-8788
14      Facsimile:  (202) 305-7000
        E-Mail: Victor.Lawrence@usdoj.gov
15
   Attorneys for Defendants
16

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

                          WESTERN DIVISION

| | |
|---|---|
| NATIONAL LAWYERS GUILD; and EVENCIO OLIVARES GONZALEZ, | No. CV 08 1000-GW(SHx) |
| Plaintiffs, | |
| v. | **ORDER APPROVING STIPULATED** |
| MICHAEL CHERTOFF, Secretary Department of Homeland Security, et al. | **PROTECTIVE ORDER** |
| Defendants. | |

      Pursuant to stipulation, IT IS HEREBY ORDERED THAT:

1. "Confidential Information" is defined as two lists. The first list is ICE's list of approximately 130 persons arrested during the February 7, 2008 workplace enforcement operation in Van Nuys, California ("Operation"). The list contains the name and alien numbers ("A-Numbers") of all persons arrested during the Operation for civil immigration violations, and further specifies which of those people have yet to receive initial processing interviews and Notices to Appear, as set forth in Paragraph 7 of the parties' Settlement Agreement. The second list is Plaintiffs' list of approximately 130 persons arrested in the Operation.

2. Except as provided in paragraph 5, all Confidential Information produced in the course of this litigation shall be used solely for the purpose of this litigation and for no other purpose whatsoever. The Confidential Information shall not be discussed with any entity, nor will the Confidential Information be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms hereof.

3. The only persons with whom Plaintiffs may share the Confidential Information are the attorneys for the Plaintiffs in this litigation, employees of such attorneys if it is necessary that the material be shown for purposes of this litigation, and the Plaintiffs to this action.

4. Confidential Information shall not be disclosed or made available by the receiving party to any persons other than

2

those identified in Paragraph 3.  All persons receiving Confidential Information shall be provided with a photocopy of the Stipulated Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

5. Nothing herein shall prevent disclosure beyond the terms of this order if Defendants consent to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Defendants hereby consent to the disclosure of the individual names of people on the list, although not the lists as a whole, to attorneys associated with the NLG, and then only for the purpose of securing representation for each individual named in the list in his or her removal proceedings.

6. The parties may modify this Stipulated Protective Order through a written agreement signed by counsel for all of the parties.  In the event that all parties do not agree to a proposed modification, each party reserves the right to seek leave of the Court to modify this Stipulated Protective Order.

7. Any recipient of Confidential Information shall ensure that the terms of this Stipulated Protective Order are observed and shall be responsible upon breach of such duty for any failure to observe the terms of this Stipulated Protective Order.

1  8.   The terms of this Stipulated Protective Order shall survive
2       the termination of the Action after its final disposition
3       for purposes of enforcing this Stipulated Protective Order.
4
5
   DATED: March 13, 2008          _____/ S /_____
6                                  UNITED STATES MAGISTRATE JUDGE
7
   PRESENTED BY:
8
   THOMAS P. O'BRIEN
9  United States Attorney
   LEON W.WEIDMAN
10 Assistant United States Attorney
   Chief, Civil Division
11

12 /s/ Robert I. Lester
   ROBERT I. LESTER
13 Assistant United States Attorney

14 JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
15 DAVID J. KLINE
   Director, District Court Section
16 VICTOR M. LAWRENCE
   Senior Litigation Counsel
17 Office of Immigration Litigation
   U.S. Department of Justice
18
   Attorneys for Defendants
19

20 AHILAN T. ARULANANTHAM
   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
21
   LINTON JOAQUIN
22 NATIONAL IMMIGRATION LAW CENTER

23 /s/ Ahilan T. Arulanantham
   AHILAN T. ARULANANTHAM
24
   Attorneys for Plaintiffs
25

26

27

28
                                  4